# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE ) 
) 
) ID# 0107010230
v. ) 
) 
ROBERT K. GARVEY, ) 
) 
           Defendant ) 

Submitted: January 22, 2018
Decided: March 29, 2018

On Defendant's Request for an Evidentiary Hearing. **DENIED.**
Motion for Appointment of Counsel. **DENIED.**
Sixth Motion for Postconviction Relief. **DENIED.**

# ORDER

Martin O'Connor, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Robert K. Garvey, James T. Vaughn Correctional Institution, Smyrna, Delaware, *pro se.*

COOCH, R.J.

This 29th day of March 2018, upon consideration of Defendant's Sixth Motion for Postconviction Relief, it appears to the Court that:

1. The basic background to Defendant's case can be found in this Court's denial of Defendant's fifth motion for postconviction relief found below:

> Robert K. Garvey ("Defendant") was convicted in 2003 of Murder First Degree; Robbery First Degree; Attempted Robbery First Degree; 2 counts of Possession of a Firearm During the Commission of a Felony; 2 counts of Carrying a Concealed Deadly Weapon; and Conspiracy Second Degree. Defendant was sentenced to Life at

1

Level V, plus 30 additional years at Level V to be served consecutively. Defendant was also sentenced to 2 years at Level II. The Delaware Supreme Court affirmed Defendant's convictions on April 28, 2005.[1]

2. This is Defendant's sixth motion for postconviction relief. Each of Defendant's prior motions were denied.[2] Defendant filed this, his sixth motion for postconviction relief, on December 13, 2017. Defendant now requests an evidentiary hearing, moves for appointment of counsel for the fourth time, and maintains that his is entitled to postconviction relief on five grounds with an accompanying 30-page memorandum of law and various exhibits.

3. Defendant contends that "[a]ll ground's [sic] are based on and raised pursuant to the retroactive decision first announced on December 15, 2016 in *Powell v. State*, No. 316, 2016 (Del. Dec. 15, 2016)."[3] Individually, Defendant alleges his five grounds of postconviction relief as follow:

> Ground one: the erroneous decision in *Brice*, infringed upon my right to effective counsel.
> Ground two: Motion to reopen all 16 cert. questions of law [ ] dated August 9, 2002 – motion.
> Ground three: Violation of the supremacy clause.
> Ground four: Motion to reverse and/or vacate movant's invalid, illegal and unconstitutional conviction and/or sentence pursuant to § 4209.
> Ground five: Former title 11, 636(A)(6) as a whole is unconstitutional, thus Delaware's "Hybrid" system pursuant to § 4209(e)(2) and § 4209(e)(1)(J).[4]

4. Defendant argues, among other things, essentially that the Delaware Supreme Court's invalidation of Delaware's capital sentencing statute

---

[1] *State v. Garvey*, 2015 WL 5750124, at *1 (Del. Super. Ct. Sept. 30, 2015), *aff'd*, 145 A.3d 430 (Del. 2016) (footnotes omitted).
[2] *Garvey v. Phelps*, 840 F. Supp. 2d 782, 791 (D. Del. 2012); *Garvey*, 2015 WL 5750124; *State v. Garvey*, 2013 WL 6913365 (Del. Super. Ct. Dec. 20, 2013), *aff'd*, 93 A.3d 653 (Del. 2014); *State v. Garvey*, 2009 WL 1037740 (Del. Super. Ct. Apr. 8, 2009), *aff'd*, 979 A.2d 1110 (Del. 2009); *State v. Garvey*, 2008 WL 1952159 (Del. Super. Ct. Feb. 13, 2008), *aff'd*, 962 A.2d 917 (Del. 2008); *State v. Garvey*, 2006 WL 1495786 (Del. Super. Ct. May 25, 2006), *aff'd*, 925 A.2d 503 (Del. 2007).
[3] Def.'s Mot. for Postconviction Relief at 3, D.I. 264.
[4] *Id.*

pursuant to 11 *Del. C.* § 4209 in *Rauf v. State*[5] deprived him of his right to effective assistance of counsel and "an effective case review/during a critical stage of [Defendant's] capital (felony) murder proceedings . . . because of the 'external constraints' placed on [his] defense attorney by the erroneous *Brice* court decision . . . ."[6]

5.  Rule 61 is the remedy for defendants "in custody under a sentence of this court seeking to set aside the judgment of conviction . . . ."[7] This Court "must first consider the procedural requirements of Rule 61 before addressing any substantive issues."[8] The procedural bars of Rule 61 include timeliness,[9] successiveness,[10] procedural default,[11] and former adjudication.[12] A motion is untimely if it is filed more than one year after the conviction is finalized or defendant asserts a new constitutional right that is retroactively applied more than one year after it is first recognized.[13] A motion is successive if it is a "second or subsequent motion."[14] If any of these bars apply, the movant must show entitlement to relief under Rule 61(i)(5).[15] The contentions in a Rule 61 motion must be considered on a "claim-by-claim" basis.[16]

6.  Defendant's motion is not time-barred pursuant to Del. Super. Ct. Crim. R. 61(i)(1) although Defendant filed this motion more than one year after his conviction became final on April 28, 2005.[17] Because Defendant "asserts a retroactively applicable right that is newly recognized after [his] judgment of conviction is final," Defendant may file within "one year after the right is first recognized by the Supreme

---

[5] 145 A.3d 430, 432 (Del. 2016) (overruling *Brice v. State*, 815 A.2d 314 (Del. 2003)).

[6] *Id.* at 11.

[7] Del. Super. Ct. Crim. R. 61.

[8] *State v. Stanford*, 2017 WL 2484588, at *2 (Del. Super. Ct. June 7, 2017) (quoting *Bradley v. State*, 135 A.3d 748, 756 (Del. 2016)).

[9] *Id.* at 2 (citing Del. Super. Ct. Crim. R. 61(i)(1)).

[10] *Id.* at 2 (citing Del. Super. Ct. Crim. R. 61(i)(2)).

[11] *Id.* at 2 (citing Del. Super. Ct. Crim. R. 61(i)(3)).

[12] *Id.* at 2 (citing Del. Super. Ct. Crim. R. 61(i)(4)).

[13] Del. Super. Ct. Crim. R. 61(i)(1).

[14] Del. Super. Ct. Crim. R. 61(i)(2).

[15] *Stanford*, WL 2484588, at *2.

[16] *State v. Reyes*, 155 A.3d 331, 342 n.15 (Del. 2017) (holding that "Rule 61 analysis should proceed claim-by-claim, as indicated by the language of the rule.").

[17] The Supreme Court mandate was issued in Defendant's case on April 28, 2005. *See Garvey v. State*, 873 A.2d 291 (Del.2005).

Court of Delaware . . . ."[18] Defendant claims that the Delaware Supreme Court's decision in *Powell v. State*, which in effect applied the *Rauf* holding retroactively to previous capital cases, applies to his case.[19] *Powell* was decided on December 15, 2016. As such, since Defendant's sixth motion for postconviction relief, which he filed on December 13, 2017, "asserts a retroactively applicable right that is newly recognized[,]"[20] it appears to be timely.[21]

7. Defendant's claims nonetheless lack merit. Defendant challenges his capital case on the grounds that *Rauf* and *Powell* "render[ ] his conviction invalid . . . ."[22] Defendant seems to argue that post-*Rauf* defense representation provides more opportunities for defendants facing life imprisonment to negotiate favorable plea deals and that Defendant "was deprived of this opportunity . . . ."[23] Defendant's claim lacks a basis for relief.

8. First and foremost, Defendant avoided capital punishment under 11 *Del. C.* § 4209 because during the penalty phase of his trial, the jury found that the aggravating circumstances did not outweigh the mitigating circumstances.[24] Thus, this Court sentenced Defendant to "imprisonment for the remainder of the defendant's natural life without benefit of probation or parole or any other reduction."[25] "The *Rauf* decision did lay out a new rule of constitutional law, but it only applies to cases where the defendant has been sentenced to death. Here, Defendant was sentenced to life in prison; therefore, *Rauf* does not have any effect on his sentence."[26]

9. Moreover, the Delaware Supreme Court in *Powell* vacated a defendant's death sentence in light of the *Rauf* decision's retroactive

---

[18] Del. Super. Ct. Crim. R. 61(i)(1).

[19] 153 A.3d 69 (Del. 2016).

[20] Del. Super. Ct. Crim. R. 61(i)(1).

[21] This Court notes, however, that to the extent Defendant asserts a postconviction claim that does not necessarily involve the "retroactively applicable right that is newly recognized" by *Powell*, that claim is procedurally barred by the one-year rule under Del. Super. Ct. Crim. R. 61(i)(1).

[22] Def.'s Mot. for Postconviction Relief at 3, D.I. 264.

[23] *Id.* at 6-7.

[24] *Garvey*, 2003 WL 23095685, at *4.

[25] *Id.* (imposing 11 *Del. C.* § 4209(d)).

[26] *State v. Hassett*, 2017 WL 2303978, at *2 (Del. Super. Ct. May 25, 2017), *aff'd*, 169 A.3d 860 (Del. 2017).

effect.[27] The Delaware Supreme Court held that "Powell's death sentence must be vacated and he must be sentenced to 'imprisonment for the remainder of his natural life without benefit of probation or parole or any other reduction.'"[28] *Rauf* did not invalidate 11 *Del. C.* § 4209 in its entirety. "*Rauf* did not . . . invalidate the entirety of section 4209, and, as we said in *Powell*, the statute's life-without-parole alternative is the correct sentence to impose on a defendant whose death sentence is vacated. And we find no constitutional fault in imposing that sentence on him."[29] Accordingly, *Rauf*'s retroactive application through *Powell* has no effect on Defendant because he was not sentenced to death.

10. Second, the retroactivity of *Rauf* to Defendant or his counsel's trial strategy in 2003 does not warrant relief under Del. Super. Ct. Crim. R. 61(i)(1). This Court in *State v. Brice* held:

> The Delaware Supreme Court's ruling in *Rauf v. State* has a retroactive effect on death penalty cases in which the defendant's death sentence had been imposed before *Rauf* was decided. However, there is no legal basis that would be retroactively apply the holding in *Rauf* to Defendant's claim here. No person could foresee that the Delaware death penalty statute would be deemed unconstitutional thirteen years after Defendant decided to plead guilty in order to avoid the then legal death penalty applicable to the Defendant. Defendant's decision to plead guilty after the State's case-in-chief was made after considering the applicable law at the time.[30]

Although the defendant in *Brice* elected to plead guilty and forgo trial, the analysis is analogous to Defendant's argument. Defendant was not deprived of his right to effective assistance of counsel merely because now after *Rauf* defense attorneys in general have negotiated plea bargains for their clients.

11. Defendant fails to demonstrate a basis for recovery pursuant to Del. Super. Ct. Crim. R. 61. Accordingly, Defendant's request for an

---

[27] *Powell*, 153 A.3d at 76.

[28] *Id.* (applying 11 *Del. C.* § 4209(d)(2)).

[29] *Zebroski v. State*, No. 294, 2017, 2018 WL 559678, at *1 (Del. Jan. 25, 2018); *see also Taylor v. State*, No. 367, 2017, 2018 WL 1212021, at *1 (Del. Mar. 7, 2018).

[30] 2017 WL 6028875, at *3 (Del. Super. Ct. Nov. 30, 2017).

evidentiary hearing, his Motion for Appointment of Counsel, and Motion for Postconviction Relief are **DENIED.**

**IT IS SO ORDERED.**

_____
Richard R. Cooch, J.

cc: Prothonotary
Investigative Services